This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jerrye McGee, appeals the decision of the Lorain County Court of Common Pleas, which denied his second petition for postconviction relief. This Court affirms.
 I.
In June 1994, appellant was charged with one count of rape of a child under the age of thirteen, in violation of R.C. 2907.02(A)(1)(b) and one count of attempted rape of the same victim, a violation of R.C.2923.02(A)/2907.02(A)(1)(b). The case was tried before a jury and appellant was found guilty of both counts. The trial court sentenced appellant to 10 to 25 years of incarceration for count one and 8 to 15 years for count two. Said sentences were ordered to be served consecutively. Appellant appealed his sentence to this Court, which upheld his sentence in a journal entry dated September 13, 1995. See Statev. McGee (Sept. 13, 1995), 9th Dist. No. 94CA006011.
On October 3, 1996, the trial court denied appellant's first petition for postconviction relief on the grounds that appellant did not assert any substantive grounds for relief. Appellant filed a successive petition for postconviction relief on August 28, 2001. The trial court denied appellant's second petition for postconviction relief in a journal entry journalized on September 11, 2001, stating that the petition was untimely and failed to meet the criteria set forth in R.C. 2953.23.
Appellant timely appealed, and has set forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR "[THE] TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DISMISSING [APPELLANT'S] PETITION FOR POSTCONVICTION RELIEF WITHOUT FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH REGARD TO THE ISSUES RAISED IN THE PETITION AND APPELLANT'S MEMORANDUM IN OPPOSITION CONTRA AS REQUIRED UNDER OHIO R.C. 2953.21(C)(G) WHERE THE APPELLATE COURT CANNOT DETERMINE THE ISSUES"
 SECOND ASSIGNMENT OF ERROR "[THE] TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW WITHREGARD [TO] DISMISSING THE [APPELLANT'S] PETITION FOR POSTCONVICTION RELIEF AND MOTION FOR SUMMARY JUDGMENT AS REQUIRED UNDER R.C. 2953.21(C)(G), R.C. 2953.23(a)(2), and R.C. 2953.21(D), CIV.R. 56 WHERE THE APPELLATE COURT WOULD BE UNABLE TO DETERMINE THE ISSUE BEFORE THE COURT.
Appellant's assignments of error will be combined for ease of discussion as they raise similar issues.
In his first assignment of error, appellant argues that the trial court was required to state findings of fact and conclusions of law when it denied his second petition for postconviction relief. In his second assignment of error, appellant argues that the trial court erred by not granting his motion for summary judgment when the State did not file a response. This Court finds both of appellant's arguments to be without merit.
A court is precluded from addressing petitions for postconviction relief that are untimely. R.C. 2953.21(A). R.C. 2953.21(A)(2) provides that where a direct appeal of a conviction has been made, a postconviction relief petition must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]"
Second and subsequent petitions for postconviction relief are governed by R.C. 2953.23. If a petitioner files a petition for postconviction relief beyond the mandated time, he must first demonstrate to the court that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or, subsequent to the appeal period, the United States Supreme Court recognized a new right to be applied retroactively to those in his position. R.C. 2953.23(A). The petitioner must also show by clear and convincing evidence that, but for the constitutional error at trial, no reasonable finder of fact would have found him guilty. Id. The same threshold standard is applied for successive postconviction relief petitions. Id.
In this case, appellant was convicted and sentenced in 1994. He filed this successive motion in August of 2001, long after the time for postconviction relief had run. Therefore, appellant's August 2001 petition was an untimely petition for postconviction relief. Appellant does not argue the existence of either of the exceptions mentioned in R.C.2953.23(A) governing late or successive petitions. Accordingly, the trial court was precluded from addressing appellant's petition on its merits.
As for appellant's argument that the trial court was required to set forth findings of fact and conclusions of law to support its decision, this Court has previously rejected a similar claim:
 "Ordinarily, under R.C. 2953.21(G), a trial court that denies a petition for postconviction relief without a hearing must file findings of fact and conclusions of law in support of the denial. However, the trial court was without jurisdiction to entertain appellant's petition. `Having no jurisdiction to entertain [appellant's] petition, the trial court was not required to make and file findings of fact and conclusions of law in accordance with R.C. 2953.21(G).'" (Citations omitted.) State v. Childs (Feb. 16, 2000), 9th Dist. No. 19757.
Appellant has also argued that his motion for summary judgment should have been granted because the state did not respond in opposition to the motion. This Court disagrees.
As the trial court was without jurisdiction to entertain appellant's petition, the failure of the prosecuting attorney to respond was irrelevant. Pursuant to this Court's finding in the first assignment of error that the trial court properly dismissed appellant's petition for postconviction relief for lack of jurisdiction, appellant's second assignment of error is rendered moot.
 III.
The decision of the Lorain County Court of Common Pleas is affirmed.
BAIRD, P.J., BATCHELDER, J. CONCUR.